## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

EDWARD ERICKSON,                                     **CASE NO.:**

      Plaintiff,

v.

MIAMI-DADE COUNTY, FLORIDA,

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, EDWARD ERICKSON ("Erickson"), by and through the undersigned counsel, and files this Complaint against MIAMI-DADE COUNTY, FLORIDA ("County"), alleging as follows:

1.      This action is brought by Plaintiff Edward Erickson to enforce the provisions of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"). Plaintiff Erickson—a longtime first responder and firefighter within the Miami-Dade County Fire Rescue Department (the "Department")—lives with severe Post Traumatic Stress Disorder ("PTSD").

2.      PTSD is a serious disorder that firefighters may be especially vulnerable to as a result of their work on the frontlines of traumatic events. Fire Departments and medical professionals around the country have taken great steps to eliminate the stigma associated with PTSD. Unfortunately, Defendant Miami-Dade County, by and through the Department and its agents, has done the opposite in this case. The Defendant has discriminated and retaliated against Erickson because of his PTSD, and for seeking to enforce and protect his rights under the ADA.

## JURISDICTION, VENUE, AND PARTIES

3.      This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §§ 2000e-5(f).

4.      The actions complained of herein occurred within the Southern District of Florida, which includes Miami-Dade County, Florida. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

5.      Plaintiff Erickson is a dedicated public servant who has worked within the Miami-Dade County Fire Rescue Department since on or around November 13, 1995.  Plaintiff is an employee as defined by 42 U.S.C. § 12111(4). Plaintiff has been diagnosed with PTSD, which is a disability within the meaning of 42 U.S.C. § 12102(1)(A), and is a "qualified individual" under 42 U.S.C. § 12111(8)

6.      Defendant Miami-Dade County is a person within the meaning of 42 U.S.C. § 12111(7), an employer within the meaning of 42 U.S.C. § 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2).

## CONDITIONS PRECEDENT

7.      On or about August 6, 2019, Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") alleging that the County discriminated against him on the basis of his disability, PTSD. EEOC Charge No. 510-2019-05664 ("Charge I") is attached hereto as Exhibit 1.

8.      On or about February 5, 2020, Plaintiff filed a timely charge with the EEOC alleging that the County retaliated him against him for the filing of Charge I, and that the County

was continuing to discriminate against him on the basis of his disability. EEOC Charge No. 510-2020-02472 ("Charge II") is attached hereto as Exhibit 2.

9.      On or around February 21, 2020, the EEOC issued Plaintiff a Dismissal and Notice of Rights on Charge I and Charge II. Copies of the Right to Sue letters are attached as Exhibits 3 and 4.

10.      Plaintiff files his initial complaint within ninety (90) days of the EEOC's Right to Sue letters.

11.      All conditions precedent to bringing this action have been performed, excused or waived.

## FACTUAL BACKGROUND

12.      Plaintiff has been employed as a firefighter within the County's Fire Rescue Department since on or around November 13, 1995.

13.      Erickson is a dedicated first responder, both on and off duty. Plaintiff served as an emergency responder on the scene of tragedies like the 9/11 terrorist attacks on the World Trade Center and the mass shooting at Marjory Stoneman Douglas High School on February 14, 2018.

14.      During his decades in the Department, Erickson worked his way up the ranks from Firefighter to Lieutenant to Captain to to Chief Fire Officer ("CFO").

15.      Erickson held the rank of CFO for approximately nine (9) years.

16.      As a result of trauma Erickson experienced in his career as a firefighter, he was diagnosed with PTSD.

17.      PTSD is a psychiatric disorder that can occur in people who have experienced or witnessed a traumatic event. Studies show that repeated exposure to traumatic experiences on the job may put firefighters at an increased risk of developing PTSD.

18.     Erickson is a person with a disability because he has a physical or mental impairment—PTSD—that substantially limits one or more major life activities, including the operation of major bodily functions, such as neurological and brain functions, thinking, concentrating, and/or sleeping; because he has a record of such impairment; and/or because he was regarded as having such impairment.

19.     Erickson underwent treatment for PTSD.

20.     Erickson has excelled in his career, even after being diagnosed with PTSD. Erickson received numerous commendations and consistently above satisfactory and outstanding evaluations. He has also earned multiple certifications.

21.     Defendant has been aware of Erickson's PTSD since at least February 2018, and at all material times hereto.

22.     The County has discriminated against Erickson because of his PTSD, including, but not limited to, by treating employees without disabilities more favorably than Erickson with respect to discipline.

23.     In or around early 2019, the Defendant engaged in back to back improper investigations of Erickson, based on false allegations of misconduct, some of which was from years prior. At the time of the investigation, Erickson had an unblemished disciplinary record with the County.

24.     As a result of these sham investigations, the County issued two subsequent "Disciplinary Action Reports" ("DARs") to Erickson.

25.     The first DAR, dated on or around February 11, 2019, was based on false allegations that the Defendant knew or should have known were untrue. The recommended discipline was the

severe penalty of demotion. Upon information and belief, even if true, the same or similar allegations against employees without disabilities have not resulted in such severe discipline.

26.     While "investigating" the allegations in the February 11, 2019 DAR, the Defendant engaged in a second "investigation" regarding false allegations which it knew or should have known were untrue. During the sham investigation, Defendant ignored and failed to obtain evidence that supported Erickson.

27.     As a result of the second investigation, Erickson was recommended for termination in a second DAR dated on or around April 23, 2019. Even if the allegations in the second DAR were true, which they were not, the County has not terminated employees without disabilities accused of the same or similar conduct.

28.     On or about May 10, 2019, the Defendant presented Erickson with both recommended disciplines, and threatened to demote and terminate him. The Defendant coerced Erickson to sign an onerous "Last Chance Agreement."

29.     Defendant discriminated against Erickson through the Last Chance Agreement. Defendant has not subjected non-disabled employees to such onerous and restrictive terms as were coerced upon Erickson, and has treated Erickson disparately because of his disability.

30.     Effective on or around May 13, 2019, Defendant demoted Erickson from CFO to the lesser rank of Fire Captain, based on the allegations that Defendant knew or should have known were untrue. Upon information and belief, even if true, the same or similar allegations against employees without disabilities have not resulted in such severe discipline.

31.     On or around July 12, 2019, Erickson submitted a proper request for a reasonable accommodation to the Department, requesting placement in a 40-hour shift/position that would work four ten-hour days because of his PTSD.

32.     On or around July 15, 2019, the Department's bidding process began.

33.     During the July 2019 bid, Erickson bid for a 40-hour shift/position of EMS Infection Control Coordinator (Support Bureau OIC).  Erickson was the most senior bidder, and met all qualifications for the position, which should have entitled him to the position.

34.     Erickson would have been, and is, able to perform the functions of the EMS Infection Control Coordinator position, with or without reasonable accommodation.

35.     Defendant discriminated against Erickson because of his PTSD, and awarded the EMS Infection Control Coordinator bid position to a less senior, non-disabled employee.

36.     On or about August 6, 2019, Plaintiff filed EEOC Charge No. 510-2019-05664 against Defendant for discriminating against him on the basis of Plaintiff's disability. Exhibit 1.

37.     After the filing of Charge I, Defendant continued to discriminate against Erickson based on his disability and/or retaliated against Erickson for having sought to enforce his rights under the ADA.

38.     Defendant has engaged in repeated illegal conduct with respect to Erickson since the filing of Charge I, including, but not limited to, illegally questioning Plaintiff about his disability and his treatment, demeaning Plaintiff for having sought treatment for and/or accommodation related to his PTSD, threatening Plaintiff, refusing to process Plaintiff's request for reasonable accommodation, refusing to allow Plaintiff to continue working his shift, baselessly placing Plaintiff on "restricted duty," excluding Plaintiff from training and planning events that he worked on prior to the filing of Charge I, and/or denying Plaintiff benefits that are afforded to non-disabled employees. Plaintiff detailed many of the egregious actions taken by Defendant in Charge II. Exhibit 2.

39.     Defendant's actions against Erickson after the filing of his charge are continuing, egregious, and pervasive.

40.     Defendant has mocked and demeaned Erickson for his disability. For example, on or around October 2, 2019, Department Division Chief Rowan Taylor illegally questioned Plaintiff about his disability, including asking Plaintiff why he could not work at night and whether it was because he was "afraid of the dark."

41.     Despite Plaintiff submitting a reasonable accommodation request in July 2019 for placement in a 40-hour shift/position on a schedule of four ten-hour days per week, Defendant did not assign Plaintiff to such a schedule until on or around September 23, 2019, over two months later.

42.     Then, on or around October 7, 2019, Plaintiff was moved to a schedule of five eight-hour days pers week, which was contrary to Erickson's reasonable accommodation request. Plaintiff repeatedly requested that the Defendant grant his reasonable accommodation request for four ten-hour days, but Defendant failed to do so. Upon information and belief, the County has allowed other employees to work ten-hour shifts, and its failure to grant Erickson's reasonable accommodation request was discriminatory and/or retaliatory.

43.     Despite positions being available for which Plaintiff was qualified, since the filing of Charge I Defendant has placed Erickson in positions to demean and embarrass him, and/or to deny him benefits that are available to other employees.

44.     Since the filing of Charge I, Defendant subjected Erickson to disparate and/or retaliatory treatment by denying him access to training opportunities available within the Department.

45.     On or around October 15, 2019, Defendant denied Plaintiff the opportunity to attend ultrasound training that was offered to all on-duty EMS Field Supervisors with similar assignments as Erickson.

46.     In or around November 2019, Defendant singled Erickson out by only allowing Plaintiff to attend a "Hot Drill" Live Fire training class necessary to maintain his certifications off-duty. Defendant did not allow Erickson to adjust or flex his schedule to attend the required training on-duty. Upon information and belief, Defendant has allowed all other participants who attend the "Hot Drill" training to attend on duty, to adjust or flex their schedule, and/or to be compensated with overtime pay.

47.     Defendant has also excluded Plaintiff from participating in other Department activities and events since the filing of Charge I. For example:

   *a.* Defendant refused to allow Erickson to assist with the "Stop the Bleed" program, which Erickson is an instructor for and presented the original plan for after the tragic Parkland shooting.

   *b.* In or around October 2019, Defendant refused to allow Plaintiff to participate in EMS training for recruits. After Plaintiff taught one class on October 21, 2019, Defendant, by and through Division Chief Taylor, refused to allow Plaintiff to participate, instead opting to reduce service in EMS operations and to bring in an on-duty EMS Field Supervisor to conduct the training.

   *c.* Despite Erickson being involved in Superbowl planning in prior years, Defendant excluded Erickson from such planning after the filing of Charge I.

48.     As further evidence of Defendant's discrimination and/or retaliation, in 2019 Plaintiff submitted an outside employment request to the Defendant. Plaintiff had submitted

outside employment requests, and Defendant had approved such requests, for at least three years prior to the filing of Charge I. After Charge I was filed, Defendant did not approve Plaintiff's 2019 outside employment request and instead sent the request to the County Ethics Commission. Defendant did not refer outside employment requests of any other employees who worked with Plaintiff to the Ethics Commission.

49.     After the filing of Charge I, Defendant has gone so far as to remove Plaintiff's access to an Emergency Medical Services ("EMS") storage room, while allowing other non-disabled employees access to such access. Defendant's dangerous, discriminatory, and/or retaliatory actions prevent Erickson from accessing necessary emergency supplies and in responding to the logistical needs of the EMS Division.

50.     Rather than assist Plaintiff with his recovery from PTSD, Defendant has ostracized and penalized Erickson for his disability, exacerbating his condition.

51.     Plaintiff has objected to Defendant's conduct, discrimination, and/or retaliation, but the misconduct and illegal treatment of Erickson continues.

52.     Defendant's discrimination and/or retaliation against Plaintiff Erickson are continuing in nature.

53.     Defendant's discriminatory, retaliatory adverse actions have had the intended effect of reducing Plaintiff's income and chilling him from enforcing his rights under the ADA.

54.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

55.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. §§ 12117(a) and 2000e-5(k).

<u>COUNT I: DISCRIMINATION IN VIOLATION OF<br>TITLE I OF THE AMERICANS WITH DISABILITIES ACT</u>

Plaintiff reallege paragraphs 1- 55 above.

56.     Plaintiff Erickson is a member of a protected class and has a disability as defined under the ADA. Plaintiff has PTSD, an impairment that substantially limits one or more major life activities, has a record of such an impairment, and/or was regarded by Defendant as having an impairment.  42 U.S.C. §§ 12102, 12111.

57.     Defendant has discriminated against Plaintiff in violation of the ADA. 42 U.S.C. § 12112.

58.     Defendant discriminated against Plaintiff on account of his disability by denying him the EMS Infection Control Coordinator (Support Bureau OIC) position he bid for in or around July 2019, and by denying him other available positions.

59.     Plaintiff was and is qualified, with or without reasonable accommodation, to perform essential functions of the jobs at issue.

60.     Defendant also discriminated against Plaintiff Erickson by taking adverse actions against him because of his disability. Defendant's egregious and discriminatory actions include, but are not limited to, threatening Plaintiff with demotion and termination, coercing Plaintiff to sign an onerous Last Chance Agreement, demoting Plaintiff, refusing to grant Plaintiff's request for reasonable accommodation, demeaning Plaintiff, and excluding and/or denying Plaintiff from benefits and activities available to non-disabled employees.

61.     As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered significant monetary loss, including loss of earnings and other benefits, and has suffered nonpecuniary losses, including, but not limited to, severe emotional pain and suffering.

62.     Plaintiff has no plain, adequate or complete remedy at law for Defendant's actions, which have caused, and continue to cause, Plaintiff irreparable harm.

## COUNT II: RETALIATION IN VIOLATION OF 42 U.S.C. § 12203

Plaintiff reallege paragraphs 1- 21, and 36-62 above.

63.     By filing an EEOC charge on or around August 6, 2019, Plaintiff Erickson was engaged in an activity protected by the ADA.

64.     Defendant was aware of the filing of Erickson's charge.

65.     Since the filing of Erickson's charge, Defendant took various adverse and retaliatory actions against Erickson.

66.     A causal connection existed between the protected activity and the adverse action.

67.     Defendant has retaliated against Erickson in violation of the ADA. 42 U.S.C. § 12203. As a result of Defendant's unlawful retaliation, Plaintiff has suffered significant monetary loss, including loss of earnings and other benefits, and has suffered nonpecuniary losses, including, but not limited to, severe emotional pain and suffering.

68.     Plaintiff has no plain, adequate or complete remedy at law for Defendant's actions, which have caused, and continue to cause, Plaintiff irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

1. Award all appropriate monetary relief, including back pay where applicable, to Plaintiff for any loss suffered as a result of the Defendant's unlawful discrimination and/or retaliation;

2. Enjoin the Defendant and its agents from continuing to violate Plaintiff's rights under the ADA, and requiring that the Defendant make Plaintiff whole for his losses suffered as a result of its discrimination and/or retaliation;

3. Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to 42 U.S.C. §§ 12117(a) and 2000e-5(k); and

4. Provide any additional relief that this Court deems just.

## JURY DEMAND

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, on all issues so triable.


Dated this 21st day of May, 2020.

Respectfully Submitted,

PHILLIPS, RICHARD & RIND, P.A.
9360 SW 72 Street, Suite 283
Miami, Florida 33173
T. (305) 412-8322
F. (305) 412-8299
Email: kphillips@phillipsrichard.com
Email: cgornail@phillipsrichard.com

By:___/s/ Kathleen M. Phillips_____
            Kathleen M. Phillips
            Florida Bar No. 287873
            Christina S. Gornail
            Florida Bar No. 085922

EEOC Form 5 (11-09)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>_X_ EEOC | 510-2019-05664 |

| FLORIDA COMMISSION ON HUMAN RELATIONS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Edward Erickson | (305) 412-8322 | 01/17/1973 |

| Street Address | City, State and ZIP Code |
|---|---|
| c/o Phillips, Richard & Rind, P.A., 9360 SW 72nd Street, Suite 283, Miami, FL 33173 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Miami-Dade County/Miami-Dade Fire Rescue | 2,600 | (786) 331-5000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 9300 NW 41 Street, Doral, FL 33178-2414 | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*)<br><br>__ RACE  __ COLOR  __ SEX  __ RELIGION  __ NATIONAL ORIGIN<br><br>__ RETALIATION  ___ AGE  _X_ DISABILITY  __ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest          Latest<br>05/13/2019<br><br>_X_ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

1. I have been employed as a firefighter at MDFRD since November 13, 1995.
2. I have had an unblemished career, most recently holding the position of Chief Fire Officer for nine years.
3. I have been identified as having, and do have, a disability, PTSD, of which the employer is and has been aware, at least since February 2018.
4. On or about May 13, 2019, I was demoted, based on allegations the employer knew or should have known were untrue.
5. Even if true, which they were not, such allegations have not resulted in such severe discipline for employees without disabilities.
6. During the pendency of the above disciplinary action, the employer engaged in an additional "investigation" regarding allegations which it knew or should have known were untrue. Without speaking to witnesses whose names were provided, the employer determined to fire me based on these false allegations.
7. The allegations, even if true which they are not, did not warrant a recommendation of termination.
8. Employees without disabilities accused of the same or similar conduct have received far less discipline.
9. On or about May 10, 2019, the employer coerced me, through threat of termination and demotion, to sign a "last chance agreement". The terms of the "last chance agreement" are onerous and include a demotion and limitations on my work options and subject me to potential termination without recourse. This "agreement" with such restrictions and penalties has been disparately applied to me. Non-disabled employees have not been subjected to such terms.
10. At all material times the employer was aware of my PTSD.
11. On or about July 15, 2019, the department bidding process took place.
12. On or about July 12, 2019, I submitted a request to the department's human resource director seeking reasonable accommodation, i.e. placement in a 40-hour shift/position. All appropriate documentation was submitted.
13. I applied for such position and met all qualifications and was the most senior bidder, which should have entitled me to the position.
14. The position was awarded to a less senior non-disabled employee.
15. I am able to perform the functions of the position, with reasonable accommodation.
16. As a result of the foregoing, I have lost wages and benefits, have had my reputation impugned, and continue to be threatened and treated disparately.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 8-6-2019<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

RECEIVED
AUG 08 2019
-OC-MIAMI DISTRICT OFFICE

Exhibit 1
Page 1 of 1

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

## FLORIDA COMMISSION ON HUMAN RELATIONS  and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Edward Erickson** | **(305) 412-8322** | **01/17/1973** |

Street Address                                        City, State and ZIP Code

**c/o Phillips, Richard & Rind, P.A., 9360 SW 72nd Street, Suite 283, Miami, FL  33173**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Miami-Dade County/Miami-Dade Fire Rescue** | **2,600** | **(786) 331-5000** |

Street Address                                        City, State and ZIP Code

**9300 NW 41st Street, Doral, FL  33178-2414**

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **05/13/2019**  Latest

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about, August 6, 2019, I filed a charge of discrimination against Miami Dade County/Fire and Rescue Department based on disability.  (See charge number 510-2019-05664 attached).  Since the filing of that charge, I have been retaliated against for having sought to enforce my rights under the ADA and/or have continued to be discriminated against based on disability.   The County and/Department have engaged in retaliatory conduct by and through its managers and supervisors by, among other things:

- Failure to process my request for reasonable accommodation;
- Failing to notify me that my request was being ignored;
- Sending my request for outside employment to the Ethics Commission, after having approved same for at least three (3) years prior to the filing of the above charge.  Other nurses assigned in the same Division under the same Supervisor were not referred to the Commission;
- Refusing to allow me to continue to work my shift, in violation of contractual rights outlined in the Collective Bargaining Agreement;
- Refusing to allow me to continue to work my shift and placing me on "restricted duty" without any basis for same;
- Ordering the Occupational Health and Safety Nurse to complete Restricted Duty paperwork and asking me to waive my HIPPA rights;
- Threatening me with termination from employment;
- Intentional delays in processing grievance proceedings with the intention of inflicting financial burdens;
- Refusing to allow me to flex my work schedule to attend a Live Fire exercise that is required to maintain Airport Certifications.  All other participant who attended the training were either allowed to attend on duty or compensated with overtime;
- Refusing to allow me the opportunity to maintain my Department Rescue Diver Certification which has further impacted my hourly rate, assignment preferences, and overtime opportunities;
- Denied me the opportunity to attend ultrasound training that was offered to all on-duty EMS Field Supervisors with similar assignments;

*Cont. on page 2*

Exhibit 2
Page 1 of 3

*Page 2*

- Excluded me from any Super Bowl planning, despite my experience and prior participation;
- Refused to allow me the opportunity to participate in EMS training for the recruits;
- Rejected my EMS Field Supervisor Business cards while approving Restricted Duty persons Business Cards immediately;
- The department modified the certification data base after the advertised closing of an assignment that I bid stating that my license was not current. When in fact this was false and the narrative changed when I exposed the truth;
- Removed my Kantech access control to EMS Storage Room 250, while allowing access to other personnel assigned to the EMS Division.  This restricted access reduced my effectiveness refilling the emergency crash cart, providing minor wound care while in the Division and hampered my ability to assist other logistical needs in the Division;
- Promoted a Lieutenant who was already on a Career Long Agreement for Substance abuse just three months after he tested positive for the second time. While I had never received previous discipline, I was demoted, and prohibited from future promotional tests;
- The Department failed to correct the behavior of a Peer Support Team Member who openly made fun of me and created a disparaging meme;
- The Department allows several nonexempt forty-hour personnel a flexible work schedule and take-home cars that was not offered to me. A detailed audit of the department time records, fuel records, vehicle maintenance logs and sun pass transponders reveal numerous discrepancies on the electronic payroll record for several nonexempt personnel assigned to forty-hour work schedules;
- Excluded me an opportunity to assist with the Stop the Bleed Program for which I am an instructor and I had presented the original plan to the Department after the Parkland Shooting;
- Challenges the validity of my ADA accommodation request and routinely asks question that violate my HIPPA;
- Suggesting that I am weak or otherwise demeaning me for having sought treatment and/or accommodation;
- Stating that my physician is wrong and that I do not need the recommendations submitted—this was done without any medical basis and meant to threaten and demean me;
- Chooses to utilize me at the front desk to answer phones and scan documents (widely understood in the Department to be a punishment) rather than allow me to fill my bid during the day in operations;
- Refusing to allow me the same training opportunities allowed to other similarly situated employees.

These acts are continuing in nature.  These acts are adverse and have had the intended effect of reducing my income and chilling me from enforcing my rights under the Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *2-5-2020*<br>**Date**     *EME...*<br>*Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Exhibit 2
Page 2 of 3

EEOC Form 5 (11-09)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | __ FEPA<br>_X_ EEOC | 510-2019-05664 |

| FLORIDA COMMISSION ON HUMAN RELATIONS and EEOC |
|---|
| State or local Agency, if any |

| Name (indicate Mr. Ms. Mrs.)<br>Edward Erickson | Home Phone (Incl. Area Code)<br>(305) 412-8322 | Date of Birth<br>01/17/1973 |
|---|---|---|
| Street Address | City, State and ZIP Code | |
| c/o Phillips, Richard & Rind, P.A., 9360 SW 72nd Street, Suite 283, Miami, FL 33173 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>Miami-Dade County/Miami-Dade Fire Rescue | No. Employees, Members<br>2,600 | Phone No. (Include Area Code)<br>(786) 331-5000 |
|---|---|---|
| Street Address | City, State and ZIP Code | |
| 9300 NW 41 Street, Doral, FL 33178-2414 | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br><br>__ RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN<br><br>__ RETALIATION __ AGE _X_ DISABILITY __ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest              Latest<br>05/13/2019<br><br>_X_ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

1. I have been employed as a firefighter at MDFRD since November 13, 1995.
2. I have had an unblemished career, most recently holding the position of Chief Fire Officer for nine years.
3. I have been identified as having, and do have, a disability, PTSD, of which the employer is and has been aware, at least since February 2018.
4. On or about May 13, 2019, I was demoted, based on allegations the employer knew or should have known were untrue.
5. Even if true, which they were not, such allegations have not resulted in such severe discipline for employees without disabilities.
6. During the pendency of the above disciplinary action, the employer engaged in an additional "investigation" regarding allegations which it knew or should have known were untrue. Without speaking to witnesses whose names were provided, the employer determined to fire me based on these false allegations.
7. The allegations, even if true which they are not, did not warrant a recommendation of termination.
8. Employees without disabilities accused of the same or similar conduct have received far less discipline.
9. On or about May 10, 2019, the employer coerced me, through threat of termination and demotion, to sign a "last chance agreement". The terms of the "last chance agreement" are onerous and include a demotion and limitations on my work options and subject me to potential termination without recourse. This "agreement" with such restrictions and penalties has been disparately applied to me. Non-disabled employees have not been subjected to such terms.
10. At all material times the employer was aware of my PTSD.
11. On or about July 15, 2019, the department bidding process took place.
12. On or about July 12, 2019, I submitted a request to the department's human resource director seeking reasonable accommodation, i.e. placement in a 40-hour shift/position. All appropriate documentation was submitted.
13. I applied for such position and met all qualifications and was the most senior bidder, which should have entitled me to the position.
14. The position was awarded to a less senior non-disabled employee.
15. I am able to perform the functions of the position, with reasonable accommodation.
16. As a result of the foregoing, I have lost wages and benefits, have had my reputation impugned, and continue to be threatened and treated disparately.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT |
| 8-6-2019<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

RECEIVED
AUG 08 2019
EEOC-MIAMI DISTRICT OFFICE

Exhibit 2
Page 3 of 3

EEOC Form 161 (11/16)              U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: | **Edward Erickson**<br>**c/o Kathleen Phillips, Esq.**<br>**Phillips, Richard & Rind, P.A.**<br>**9360 SW 72nd Street, Suite 283**<br>**Miami, FL 33173** | From: | **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| **510-2019-05664** | **L. Foreshaw,**<br>**Investigator** | **(786) 648-5840** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Nizo Santo Wright*                          FEB **2 1** 2020

Enclosures(s)          _____
                        **Michael J. Farrell,**               *(Date Mailed)*
                        **District Director**

cc:    **William X. Candela, Esq.**
       **Assistant County Attorney**
       **MIAMI-DADE COUNTY**
       **MIAMI DADE FIRE RESCUE**
       **111 N.W. 1st Street, Ste. 2810**
       **Miami, FL 33128**

Exhibit 3
Page 1 of 3

EEOC Form 161 (11/16)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Exhibit 3
Page 2 of 3

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Exhibit 3
Page 3 of 3

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Edward Erickson**
**c/o Kathleen Phillips, Esq.**
**Phillips, Richard & Rind, P.A.**
**9360 SW 72nd Street, Suite 283**
**Miami, FL 33173**

From: **Miami District Office**
**Miami Tower, 100 S E 2nd Street**
**Suite 1500**
**Miami, FL 33131**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2020-02472** | **L. Foreshaw,** **Investigator** | **(786) 648-5840** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

**Michael J. Farrell,**
**District Director**

FEB **2 1** 2020

*(Date Mailed)*

Enclosures(s)

cc: **William X. Candela, Esq.**
**Assistant County Attorney**
**MIAMI-DADE COUNTY**
**MIAMI DADE FIRE RESCUE**
**111 N.W. 1st Street, Ste. 2810**
**Miami, FL 33128**

Exhibit 4
Page 1 of 3

Enclosure with EEOC
Form 161 (11/16)

**INFORMATION RELATED TO FILING SUIT**
**UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Exhibit 4
Page 2 of 3

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Exhibit 4
Page 3 of 3